J-S61007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TROY SHAWN HOWARD, | |
| Appellant | No. 1560 WDA 2015 |

Appeal from the PCRA Order entered August 25, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division, at No(s): CP-02-CR-0007680-2011
CP-02-CR-0010822-2010
CP-02-CR-0014515-2010.

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                **FILED SEPTEMBER 08, 2016**

Troy Shawn Howard ("Appellant") appeals from the order denying as untimely his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant's counsel has filed a motion to withdraw. We affirm the order denying Appellant post-conviction relief and grant counsel's motion.

On May 12, 2012, in exchange for Appellant's entry of a guilty plea to various drug and related charges at three separate dockets, the Commonwealth dropped other charges and agreed to an aggregate, concurrent sentence of four to twelve years of imprisonment. On that same date, the trial court accepted the plea, and imposed a sentence in

accordance with its terms. Appellant filed neither a post-sentence motion nor a direct appeal.

On August 8, 2013, Appellant filed a *pro se* "Petition for Modification/Reconsideration of Sentence *nun pro tunc*." Treating the filing as a PCRA petition, the PCRA court appointed counsel. Thereafter, the PCRA court granted PCRA counsel several extensions of time. Ultimately, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's petition because it was untimely and no time-bar exceptions applied. In this same order, the PCRA court granted PCRA counsel's motion to withdraw. Appellant did not file a response. By order entered August 12, 2014, the PCRA court denied Appellant's petition. Appellant did not appeal.[1]

On July 6, 2015, Appellant filed a "Motion to Vacate Sentence," which the PCRA Court correctly treated as Appellant's second PCRA petition. ***See Commonwealth v. Peterkin***, 722 A.2d 638, 639 n.1 (Pa. 1998) (stating that the PCRA subsumes other post-conviction remedies). The PCRA court issued notice of its intent to dismiss the petition as untimely. Appellant filed

_____

[1] Although a *pro se* notice of appeal from this order appears in the certified record, it appears the filing was never forwarded to this Court.

a timely *pro se* response. By order entered August 25, 2015, the PCRA court dismissed Appellant's second petition. This timely appeal follows. On November 25, 2015, the PCRA court appointed present counsel.

In lieu of an advocate's brief, Appellant's counsel has filed a purported ***Anders***[2] brief and a petition to withdraw. Compliance with ***Anders*** applies to counsel who seeks to withdraw from representation on *direct* appeal. This appeal is here from a *collateral* proceeding. Counsel should have sought to withdraw under ***Turner***/***Finley***. But because ***Anders*** imposes stricter requirements (that the appeal is frivolous) than those imposed when counsel seeks to withdraw during the post-conviction ***Turner***/***Finley*** process (that the issues on appeal have no merit) we may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** no merit letter. ***See***, ***e.g.***, ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Thus, we will assess counsel's assertion that the issue Appellant wishes to raise has no merit under a ***Turner***/***Finley*** analysis.

> The ***Turner***/***Finley*** decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA

---

[2] ***Anders v. California***, 386 U.S. 738 (1967).

court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdraw request, the client may proceed *pro se* or with a privately retained attorney[.]

*Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). We must determine whether we agree with counsel's assessment of Appellant's claim.

PCRA counsel phrases the issue Appellant wished to raise on appeal as follows:

I.      Did the [PCRA] court impose illegal sentences pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), in imposing concurrent terms of imprisonment based on the mandatory minimum sentence provisions under 18 Pa.C.S. §7508(a)(7) and (b) and/or 42 Pa.C.S. §9712.1; and was the [second PCRA petition] timely filed, or did an exception to the timeliness requirement apply?

Appellant's Brief, at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the

findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Because this is Appellant's second petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id*. (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, *see* 42 Pa.C.S.A. § 9545(b)(1), unless the petition alleges, and the petitioner proves, that an exception to the timeliness requirement exists, *see* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d 651-52 (citations omitted). *See also* 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on June 1, 2012, when the thirty-day time period for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until June 1, 2013, to file a timely PCRA petition. As Appellant filed the instant petition in 2015, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

According to Appellant, his latest PCRA petition is timely because he is raising a claim that he received an illegal sentence in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). In **Alleyne**, the high court held that any fact that increased the mandatory minimum sentence for a crime is an element thereof, which must be submitted to a jury and found beyond a reasonable doubt.

Appellant's claim is devoid of merit for several reasons. There is no indication in the record that the negotiated sentence imposed upon him included any mandatory minimums.[3]  Even if applicable, Appellant's claim would still fail because he did not file his petition within sixty days of the 2013 **Alleyne** decision. Finally, our Supreme Court recently held that "**Alleyne** does not apply retroactively to cases pending on collateral

---

[3] As noted by the Commonwealth, the sentencing transcript is not found in the certified record. **See** Commonwealth's Brief, at 4 n.1. We remind Appellant that it is his responsibility to ensure the presence of all relevant transcripts in the record. **See Commonwealth v. Preston**, 904 A.2d 1 (Pa. Super. 2006).

review…." ***Commonwealth v. Washington***, ___ A.3d ___, ___, 2016 WL 3909088, *8 (Pa., filed July 19, 2016).

Thus, for all of these reasons, we affirm the PCRA court's order dismissing Appellant's serial PCRA petition. In addition, as our independent review of the record reveals no other issue of arguable merit, we grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016